UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CT-3051-BO

JOSEPH C. SEBA,

        Plaintiff,

v.

CARLTON JOYNER, et al.,

        Defendants.

**ORDER**

This matter is before the court on the Order and Memorandum and Recommendation ("Order and M&R") of United States Magistrate Judge Robert T. Numbers, II, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). D.E. 14. The court ADOPTS the Order and M&R. Additionally, the court allows Seba's request to amend his Complaint to add parties and claims to the lawsuit in the manner set out below.

## BACKGROUND

On February 22, 2016, plaintiff Joseph C. Seba ("Seba"), a state inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Central Prison Warden Carlton Joyner and three unnamed Central Prison staff members (D.E. 1). On that date, Seba also filed a motion to appoint counsel (D.E. 3). Seba seeks monetary damages as well as declaratory and injunctive relief for injuries he allegedly suffered as a result of an assault by the unnamed staff members and subsequently, inadequate medical care for the injuries. Additionally, Seba claims he was transferred from Central Prison to Bertie Correctional Institution in retaliation for preparing to

file his § 1983 Complaint, which caused him to lose his prison job and be separated by a greater distance from his family in violation of his First Amendment rights.[1]

On July 26, 2016, the court conducted a frivolity review pursuant to 28 U.S.C. § 1915. Judge Numbers ordered that Seba's motion to appoint counsel be denied and that his claims against the unnamed Sergeant, unnamed corrections officer, and unnamed nurse in their individual capacities be allowed to proceed. See Order and M&R, D.E. 14. Judge Numbers recommended that the claims against the Defendants in their official capacities be dismissed; his claims against Warden Joyner in his individual capacity be dismissed; and his claims for declaratory and injunctive relief be dismissed as moot. See id.

As to Seba's claims against the unnamed defendants, Judge Numbers ordered the North Carolina Department of Public Safety ("NCDPS") to provide Seba with documentation that would assist him in identifying the unnamed defendants. Order and M&R, D.E. 14. The NCDPS complied. See Notice, D.E. 17. On October 24, 2016, Seba filed an amended complaint naming the individuals he claims violated his constitutional rights. See Am. Compl., D.E. 24.

In the interim, Seba filed objections to Judge Numbers' Order and M&R. See Obj., D.E. 15.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. 636(b). Absent a

---

[1] Seba has since been transferred to the Franklin Correctional Center in Bunn, North Carolina. See https://www.google.com/?gws_rd=ssl#q=franklin+correctional+center+north+carolina (last checked March 1, 2017).

2

timely objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the Order and M&R, the record, and the pleadings. As explained below, the court overrules Seba's objections and adopts the findings and conclusions in the Order and M&R.

## I.  Add Parties to Eighth Amendment Claim

In response to Judge Numbers' Order and M&R, Seba filed an Amended Complaint identifying six individuals who, he claimed, violated his constitutional rights: Ramel Freeman, John Raymond, Chukwudi Amaechi, Jamela Dunbar, DeShone Joyner and Derrick Smith. Am. Compl., D.E. 24. However, in his original Complaint Seba named only three unknown defendants. See Compl., D.E. 1. The court construes Seba's identification of six individuals as defendants as a request to amend his Complaint to add three additional parties. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within … 21 days after serving it." For any subsequent amendment, a party must seek leave from the Court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Here, because Seba's Complaint has not yet been served on defendants, Seba may amend his Complaint to add the foregoing defendants. As no defendant has been served, the court finds no prejudice.

## II.  Objections to the Order and M&R

### A.  First Amendment Claim

Seba first objects to Judge Numbers' recommendation that his First Amendment retaliation claim against Warden Joyner be dismissed. See Obj. at 1–4. Judge Numbers

3

concluded that Seba's transfer from Central Prison did not violate his constitutional rights because an inmate has no constitutional right to choose his place of incarceration. See Meachum v. Fanno, 427 U.S. 215, 225 (1976); Johnson v. Ozmint, 456 F. Supp. 2d 688, 695 (D.S.C. 2006) (citing Ajaj v. Smith, 108 F. App'x 743, 744 (4th Cir. 2004)). Judge Numbers moreover noted that "Seba's only factual support for his retaliation claim is his conclusory allegations that the decision to transfer him from Central Prison was made in retaliation for preparing to file the instant lawsuit." Order and M&R at 8, D.E. 14. Judge Numbers found that "[such] conclusory allegations of retaliation are insufficient to allege a constitutional violation." Id. (citing Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)).

Seba argues that Judge Numbers' conclusion was erroneous because Seba meets the criteria for establishing a First Amendment § 1983 claim. Obj. at 1–2. In order to state a First Amendment §1983 retaliation claim, a plaintiff must establish the following: (1) the plaintiff's speech was protected; (2) the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech; and (3) a causal relationship existed between the plaintiff's speech and the defendant's retaliatory action. Suarez Corp. v. McGraw, 202 F.3d 676, 685–86 (4th Cir. 2000) (citations omitted).

Seba argues that his allegations that he sought information from Warden Joyner to prepare his legal action on November 17, 2015, and was transferred to Bertie C.I. on December 7, 2015, are sufficient to satisfy this test. Obj. 1–2. However, this is the same argument he argued in his Complaint. See Compl. ¶¶ 45–46. Merely reiterating the same arguments made in the pleading submitted to the magistrate judge does not warrant de novo review. See Veney v. Astrue, 539 F Supp. 2d 841, 846 (W.D. Va. 2008). Furthermore, temporal proximity between the exercise of a constitutional right and the complained of act, without more, is insufficient to

4

support a § 1983 retaliation claim. See Wagner v. Wheeler, 13 F.3d 86, 91 (4th Cir. 1993). Therefore, even if Seba could establish a constitutionally protected right, Judge Numbers is correct that Seba has failed to show a causal connection between his having prepared to file his lawsuit and his transfer. "Simply alleging retaliation is not sufficient to state a claim for relief." Johnson-El v. Beck, No. 3:11-CV-115-RJC, 2011 WL 1155679, at *4 (W.D.N.C. Mar. 25, 2011); see also Adams, 40 F.3d at 74 (complaints that offer nothing more than conclusory allegations of retaliation may be summarily dismissed). Seba's assertion that he was transferred "a suspiciously short time" after he sought information for his lawsuit, see Obj. at 3, is insufficient to establish the claim. Judge Numbers correctly recommended dismissal of this claim. This objection is overruled.

### B. Motion for an Injunction

Next, Seba objects to Judge Numbers' recommendation that his request for declaratory and injunctive relief be dismissed as moot. Obj. at 3. Judge Numbers concluded that Seba's request is moot because he is no longer incarcerated at Central Prison. Order and M&R at 6. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (citing Incumaa v. Ozmint, 507 F.3d 281, 286–87 (4th Cir.2007); Taylor v. Rogers, 781 F.2d 1047, 1048 n. 1 (4th Cir.1986)). Judge Numbers correctly concluded that because Seba has been transferred from Central Prison, the defendants are no longer in a position to violate his constitutional rights.

Seba argues that his case falls within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." Obj. at 5. The "capable of repetition, yet evading review" doctrine "applies only in exceptional situations" where "two circumstances

5

[are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to a cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Spencer v. Kemna, 523 U.S. 1, 17–18 (1998) (quotation omitted). However, Seba cannot obtain injunctive relief based on the mere possibility or unfounded fear of some future injury. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). There must be a real and immediate danger that he alleged harm will occur. See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Because Seba has been transferred from Central Prison, he cannot make a reasonable showing that "[he will] be subject to the same action again." *Spencer*, 523 U.S. at 17–18.

Finally, Seba alleges that "his claims challenge system wide policies that still apply after his transfer." Obj. at 5–6. He states that he believes that the excessive force he complains of is "likely to occur again to [him] no matter where he is incarcerated." Obj. at 5. However, there is no system wide "policy" to injure inmates. An isolated violation cannot support system wide relief. See Armstrong v. Davis, 275 F.3d 849, 870 (9th Cir. 2001) (whether a system wide injunction is justified depends on "whether the inadequacy complained of is in fact 'widespread enough to justify system wide relief'")(quoting Lewis v. Casey, 518 U.S. 343, 359 (1996). Here, Seba's remedy for his complaint is a Section 1983 action. The court has allowed Seba's allegations of excessive force under the Eighth Amendment to proceed. However, Judge Numbers correctly concluded that Seba's request for injunctive relief is moot. This objection is overruled.

### C. Claims Against Defendants in their Official Capacities

Seba objects to Judge Numbers' recommendation that his claims against the defendants in their official capacity be dismissed. Obj. at 6–7. Judge Numbers correctly concluded that as

6

agents of the North Carolina Department of Public Safety, the defendants are entitled to immunity from monetary damages in their official capacities because such suits "are considered suits against the state and are barred by the Eleventh Amendment." Order and M&R at 7. See e.g., Myers v. North Carolina, No. 5:12-CV-714-D, 2013 WL 4456848, at * 3 (E.D.N.C. Aug. 16, 2013), appeal dismissed, 545 F. App'x 268 (2013) ("State agencies and state officials acting in their official capacities also are protected against a claim for damages because a suit against a state office is no different from a suit against the state itself.") (citing Regents of the Univ of Cal. v. Doe, 519 U.S. 425, 429 (1997); Edelman v. Jordan, 415 U.S. 651, 666–68 (1974); Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479 (4th Cir. 2005)).

However, Seba argues that defendants are subject to suit in their official capacities because he is also seeking an injunction. See Obj. at 6–7. While the Eleventh Amendment forecloses damages suits against a State official in his or her official capacity, State officials sued in their official capacity for injunctive relief are persons for Section 1983 purposes because "official-capacity actions for prospective relief are not treated as an action against the State." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989) (quoting Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985)).

However, Seba's claim for an injunction fails for at least two reasons. First, Seba has failed to establish the existence of an official policy that violates his constitutional rights. An official capacity lawsuit must allege conduct that is tied to an "official ... custom or policy, formal or informal." Johnson v. Rodriguez, 110 F. 3d 299, 312 (5th Cir. 1997); see also Ruiz v. Estelle, 679 F.2d 1115, 1154 (5th Cir. 1982) ("systemwide injunctive relief may not be predicated on individual misconduct that 'is not part of a pattern of persistent and deliberate

7

official policy'"), opinion amended in part and vacated in part, 688 F.2d 266 (5th Cir.1982), cert. denied 460 U.S. 1042 (1983).

Second, the defendants Seba has named, all employees of Central Prison, are not in a position to provide the relief requested. See Hartmann v. Cal. Dept. of Corr. & Rehab., 707 F. 3d 1114, 1127 (9th Cir. 2013) (inmate seeking injunctive relief against the state must name, as defendant, the state official who can appropriately provide the relief requested); Jordan v. Sosa, 654 F.3d 1012, 1028–29 (10th Cir. 2011) (same). "A transferred prisoner's challenge to system-wide prison policies is moot where he seeks equitable relief and *only* sues prison officials at the transferor institution—that is, the institution where he was *formerly* incarcerated." Id. (emphasis in original). Judge Number correctly recommended dismissal of this claim. This objection is overruled.

### D. Motion for Appointment of Counsel

Seba objects to Judge Numbers' denial of his motion to appoint counsel. Obj. at 7. Judge Numbers concluded that "[w]ith the exception of identifying defendants to the action, this is a relatively routine case alleging constitutional violations by prison staff." Order and M&R at 13.

There is no constitutional right to counsel in civil cases, and court should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574

F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent ... that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

In the present case, Judge Numbers allowed several of Seba's claims against unnamed defendants to proceed with the proviso that NCDPS provide Seba with documentation that would assist him in identifying the unnamed defendants. Seba would then be allowed to file an amended complaint that named the appropriate defendants. Judge Numbers concluded that if the State was unwilling or unable to provide the pertinent paperwork, the court would reconsider its denial of Seba's motion for counsel. Order and M&R at 12. NCDPS complied, see (D.E. 17), and on October 31, 2016, Seba filed his amended Complaint, naming the defendants who allegedly violated his constitutional rights. See (D.E. 24).

Judge Numbers correctly denied Seba's motion to appoint counsel. As Judge Numbers noted, "[p]ro se litigants regularly pursue Eighth Amendment claims in this court and Seba's filings do not demonstrate that his case is more complex than the average case. Additionally, Seba's filings in this matter demonstrate that he is capable of proceeding *pro se*." Order and M&R at 13. This objection is overruled.

## CONCLUSION

The court ADOPTS the Magistrate Judge's Order and M&R (D.E. 14). Seba's request to amend his Complaint to name additional defendants is ALLOWED.

As ordered by Judge Numbers, Seba may proceed with his Eighth Amendment claims against Ramel Freeman, John Raymond, Chukwudi Amaechi, Jamela Dunbar, DeShone Joyner and Derrick Smith. The Clerk shall manage the action pursuant to Standing Order 14-SO-02. If service on defendants pursuant to the standing order fails, the court DIRECTS the United States

Marshal Service to make service pursuant to 28 U.S.C. § 1915(b). As Judge Numbers further ordered, Seba's motion to appoint counsel (D.E. 3) is denied.

With respect to the remainder of Seba's Complaint, his claims against the Defendants in their official capacities are DISMISSED, his claims against Warden Joyner in his individual capacity are DISMISSED, and his claims for declaratory and injunctive relief are DISMISSED.

SO ORDERED. This _11_ day of ~~March~~ May 2017.

TERRENCE W. BOYLE
United States District Judge